**LIN LIN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–75152.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2008.*

Filed Jan. 24, 2008.

Jisheng Li, Esq., Law Office of Jisheng Li, Honolulu, HI, for Petitioner.

District Counsel, Office of the District Counsel, Department of Homeland Security, Honolulu, HI, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Carol Federighi, Esq., Stacey I. Young, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit. Washington, DC, for Respondent.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

MEMORANDUM **

Lin Lin, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for an abuse of discretion, *see Malty v. Ashcroft,* 381 F.3d 942, 945 (9th Cir.2004), and we deny the petition for review.

The BIA did not abuse its discretion in denying Lin's motion to reopen as untimely because the motion was filed nearly three years after the BIA's September 29, 2003 order. *See* 8 C.F.R. § 1003.2(c)(2). Lin's deepening commitment to her Christian faith is not sufficient by itself to establish changed circumstances under 8 C.F.R. § 1003.2(c)(3)(ii), the regulatory exception to untimely motions to reopen. *See He v. Gonzales,* 501 F.3d 1128, 1132 (9th Cir. 2007) (holding that a change in personal circumstances is not sufficient to establish changed circumstances for the purpose of 8 C.F.R. § 1003.2(c)(3)(ii)). Lin otherwise failed to provide sufficient evidence of changed circumstances in China to establish that she now has a well-founded fear of future persecution. *See Malty,* 381 F.3d at 945.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.